IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAMEDA COUNTY ELECTRICAL INDUSTRY SERVICE CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GATEJEN CONSOLIDATED INDUSTRIES, INC., et al.,<br><br>Defendants. | Case No.: C-13-00241 JCS<br><br>**ORDER FOR DAMAGES COMPUTATION** |

At the May 10, 2013 hearing on Plaintiffs' Motion for Default Judgment, the Court requested supplemental filings concerning (1) whether Plaintiffs properly effected service of Defendant Jordan Lee Gautschi; (2) support for Plaintiff Alameda County Electrical Industry Service Corporation's ("EISC") authority to set liquidated damages in an amount not provided for by the governing collective bargaining agreement; (3) support for EISC's authority to set the rate at which interest accrues; and (4) what work Plaintiffs' messenger performed. Plaintiffs provided a supplemental filing on June 7, 2013.

On the basis of the supplemental filing, the Court finds that EISC did not have discretion to set the interest rate. As to Plaintiff Contract Administration Fund, the interest rate was set in the governing Collective Bargaining Agreement ("CBA") at prime rate plus two percent. Declaration of Victor Uno in Support of Motion for Default Judgment ("Uno Declaration"), Ex. A § 6.04(e). The Contract Administration Fund is administered in the manner set forth in Article IV, Section 4 of the CBA. Supplemental Declaration of Victor Uno In Support of Motion for Default Judgment ("Supplemental Uno Declaration"), ¶ 6. Plaintiffs have put forward no argument why EISC would

have authority to unilaterally increase that interest rate. Accordingly, Plaintiffs shall have one week from the date of this Order to provide a new damage computation, as to the Contract Administration Fund, using an interest rate of prime rate plus two percent.

As to Plaintiffs IBEW Local 595 Health and Welfare Trust ("H & W"), IBEW Local 595 Pension Trust Fund ("PTF"), and IBEW Local 595 Money Purchase Pension Trust Fund ("MPPTF"), no interest rate is set in the CBA. *See* Uno Declaration, Ex. A at Art. VI. EISC is expressly made the collection agent for these Plaintiffs, but there is no similar delegation of authority to select an interest rate. *See id.* at Ex. A § 6.08. Plaintiffs point out that EISC "may take all necessary and lawful steps to collect … delinquencies." *See id.* at Ex. A § 6.08(b). But Plaintiffs make no attempt to argue that selecting an interest rate is a necessary step to collect a delinquency where the governing statute provides that, "interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26." *See* 29 U.S.C. § 1132(g).

As to Plaintiffs IBEW Local 595 Apprentice and Training Fund ("A & T") and Labor Management Cooperation Fund ("LMCF"), no interest rate is set in the CBA. *See* Uno Declaration, Ex. A §§ 5.15, 8.01-8.03. Moreover, EISC is not made the collection agent for those Plaintiffs by the CBA. *See id.* Although Plaintiffs have submitted a declarations stating that EISC is the collection agent for those Plaintiffs, Plaintiffs have not provided anything to show the scope of authority that those Plaintiffs delegated to EISC. *See* McClaskey Declaration, ¶ 1. The Court cannot infer that EISC's role as a collection agent implied its authority to unilaterally set the interest rate.

Plaintiffs press one other line of argument in their supplemental brief. Plaintiffs point out that the trustees of each trust retained authority to adopt rules and regulations. Supplemental Brief, 6-8. Citing only to section 6.08(b) of the CBA, Plaintiffs argue that the trustees delegated their authority to adopt rules and regulations to EISC. *Id.* at 7. As discussed above, section 6.08(b) does not support that conclusion.

//
//
//

Accordingly, Plaintiffs shall also provide a new damages computation pertaining to H & W, PTF, MPPTF, A & T, and LMCF using the interest rate prescribed under section 6621 of Title 26 within one week of this Order.

IT IS SO ORDERED.

Dated: June17, 2013

_____

JOSEPH C. SPERO
United States Magistrate Judge